IKUTA, J.,
dissenting:
Although it may seem like “common sense” to assume that Singh would recall and be able to explain his duties as sar-panch or the goals of the Akali Dal Mann party if he actually had held that position or was a member of that party, Jibril v. Gonzales, 423 F.3d 1129, 1135 (9th Cir. 2005), our prior decisions have held that similar assumptions by an immigration judge (IJ) are improper speculation and conjecture. See, e.g., Joseph v. Holder, 600 F.3d 1235, 1245 (9th Cir.2010) (holding that the IJ’s assumption that the petitioner should understand Haitian politics, given his claim that he was a high ranking member of the president’s political party, was improper speculation and could not support an adverse credibility determination).
While Singh’s testimony regarding his political activities was vague and unresponsive, we deem such problems to constitute substantial evidence only when there is “obvious evasiveness,” such as when a petitioner cannot “explain [an] all-too-apparent contradiction in his testimony.” Wang v. INS, 352 F.3d 1250, 1256-57 (9th Cir.2003) (internal quotation marks omitted). There were no similar glaring contradictions in Singh’s testimony.
Although Singh’s testimony and documentary evidence regarding the dates he assumed and resigned his position as sar-panch were inconsistent by a few days or months, such minor inconsistencies do not constitute substantial evidence sufficient to support an adverse credibility finding, particularly when they do not serve to enhance the petitioner’s claim of persecution. See Li v. Holder, 559 F.3d 1096, 1103-07 (9th Cir.2009) (holding that an adverse credibility determination based on speculation and minor inconsistencies that did not go to heart of claim was not supported by substantial evidence).
In sum, while common sense would lead me to join the majority, our case law pre *660 vents me from doing so. I respectfully and reluctantly dissent.